# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIK GEORGE PRYOR,

    Plaintiff,

  vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 2:16-CV-2211-CMK

MEMORANDUM OPINION AND ORDER

Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion to remand (Doc. 19)[1] and defendant's motion to dismiss and opposition (Doc. 20).

---

[1] Pursuant to the court's July 13, 2017, order, plaintiff's motion was due by August 14, 2017. Plaintiff's motion was filed on September 4, 2017. Defendant's motion to dismiss based on plaintiff's untimely filing is denied because defendant has not shown prejudice from the delay.

# I. PROCEDURAL HISTORY

Plaintiff applied for social security benefits on October 16, 2012. In the application, plaintiff claims that disability began on April 19, 2012. Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on January 8, 2015, before Administrative Law Judge ("ALJ") Serena S. Hong. In a March 30, 2015, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): degenerative disc disease, and obesity;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: the claimant can perform light work; he requires a cane for long distance and uneven terrain; he can frequently balance and occasionally perform other postural activities, such as stooping, crouching, and crawling; he must change positions every 15-20 minutes; and

4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

After the Appeals Council declined review on July 18, 2016, this appeal followed.

# II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones

v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## III. DISCUSSION

Plaintiff argues that this matter should be remanded to consider new evidence which resulted in a finding of disability on a subsequent claim.[2] According to plaintiff, she filed a subsequent claim on September 20, 2016, and was found disabled. Plaintiff states that this new determination was based, in part, on results of a March 2, 2017, MRI, and that the matter should be remanded for reconsideration of the prior denial at issue in this case.

A case may be remanded to the agency for the consideration of new evidence if the evidence is material and good cause exists for the absence of the evidence from the prior record. See Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 511-12 (9th Cir. 1987) (citing 42 U.S.C. § 405(g)). In order for new evidence to be "material," the court must find that, had the agency considered this evidence, the decision might have been different. See Clem v. Sullivan, 894 F.2d 328, 332 (9th Cir. 1990). The court need only find a reasonable

---

[2] Alternatively, plaintiff asks that the court set a briefing schedule on cross-motions for summary judgment on the merits of the agency's final decision. This request is denied because the court's scheduling order does not contemplate multiple rounds of briefing. Further, plaintiff has not shown good cause for failing to include any arguments relating to the merits of the agency's final decision in his September 4, 2017, brief (which the court observes was filed late, also without any showing of good cause).

3

possibility that the new evidence would have changed the outcome of the case. See <u>Booz v. Secretary of Health and Human Services</u>, 734 F.2d 1378, 1380-81 (9th Cir. 1984).  The new evidence, however, must be probative of the claimant's condition as it existed at or before the time of the disability hearing.  See <u>Sanchez</u> 812 F.2d at 511 (citing 42 U.S.C. § 416(i)(2)(G)).  In <u>Sanchez</u>, the court concluded that the new evidence in question was not material because it indicated "at most, mental deterioration after the hearing, which would be material to a new application, but not probative of his condition at the hearing." <u>Id.</u> at 512 (citing <u>Ward v. Schweiker</u>, 686 F.2d 762, 765-66 (9th Cir. 1982)).

The March 2, 2017, MRI results do not warrant a remand based on new evidence because the evidence is not probative of plaintiff's condition as it existed at or before the time of the January 8, 2015, hearing.  As in <u>Sanchez</u>, this evidence is, at best, material to a new disability application, as indeed it appears to have been given that plaintiff was found disabled on a subsequent application for benefits.

### IV.  CONCLUSION

Based on the foregoing, the court concludes that a remand is not warranted. Accordingly, IT IS HEREBY ORDERED that:

       1.     Plaintiff's motion for remand (Doc. 19) is denied;

       2.     Defendant's motion to dismiss (Doc. 20) is denied; and

       3.     The Clerk of the Court is directed to enter judgment in favor of defendant and close this file.

DATED: March 15, 2018

                                                        **CRAIG M. KELLISON**
                                                        UNITED STATES MAGISTRATE JUDGE